## EX PARTE ROWE ON HABEAS CORPUS.

It is the right and duty of the Supreme Court on *habeas corpus* to review the decisions of inferior Courts in cases of contempt, as well as in others.

A commitment for contempt "in refusing to answer certain questions propounded to the witness by the grand jury," is not a compliance with the statute, which requires that when the contempt consists in the omission to do an act which it was in the power of the person to perform, "the act shall be specified in the commitment." It does not appear from such commitment whether the questions were legal or not.

In such a case, the commitment should state that the grand jury were inquiring into a certain question, stating it; that the prisoner was sworn as a witness, and certain questions asked him, stating them; that he refused to answer; that the facts were thereupon presented to the Court by the grand jury, and the prisoner required by the Court to answer, which being refused by the prisoner, he was committed for contempt. And this rule is based upon the power of an appellate Court to review, on *habeas corpus*, the proceedings of an inferior Court in cases of contempt.

The character of the questions need not be made public, as they could be propounded in writing.

It appears from the return of the sheriff, that the prisoner was committed by the Court of Sessions of Sacramento county for a contempt of Court, in refusing to answer certain questions propounded to him by the grand jury.

It is objected to the warrant of commitment, first. That it does not show that the prisoner was again required by the Court to answer, after refusing to answer before the grand jury. Second. That the questions propounded are not set forth.

*Botts* for Petitioner.

*Hereford* Contra.

Burnett, J., after stating the facts, delivered the opinion of the Court—Terry, J., concurring.

In reference to the first objection, it would certainly seem to be more regular again to propound the questions by the Court, and then, upon the refusal of the witness to answer, to make the order of commitment. But this objection does not seem to be of sufficient force to require this Court to discharge the prisoner.

The second objection brings up the question, whether this Court can review, on writ of *habeas corpus*, the decision of an inferior Court in a case of contempt. If the decision of such inferior Court in a case of contempt be final and conclusive, then

there is no propriety or necessity in requiring the questions asked and refused to be set forth. It is only upon the ground that this Court can grant relief against an erroneous commitment for a refusal to answer as a witness, that a statement of the questions propounded should be made. If we cannot consider the question whether such interrogatories were legal and proper or not, then we have no right to ask that Court to set them forth.

It is evident, that under the provisions of the four hundred and eightieth section of the Practice Act, contempts, either actual or constructive, may be committed in a great variety of cases; and in those cases where the alleged contempt consists in the disobedience of writs, or orders of the Court, or Judge at Chambers, and in refusing to answer questions as a witness, the contempt can only consist in disobeying *legal* writs or orders, and in refusing to answer *legal* questions propounded to the witness.

The question, what are legal writs, orders and questions, is one of law simply, and is, therefore, often of the most difficult and complex character. Was, it then, intended, that in reference to every such legal question, involving so many interests, there should exist no right of review by another Court? Was it intended that in reference to these questions, there should exist no power to correct errors and harmonize conflicting opinions? Or was it, on the other hand, intended that the decision of all Courts, in cases of contempt, should be subject to the review of every County and District Court, and of every single Judge of those Courts in the State? What efficiency or harmony is there in a system that either allows no remedy against the errors of inferior Courts, in a certain class of cases, or allows nearly all the Courts of the State, and individual Judges of the same, to defeat the judgment of all? If, indeed, this Court can never relieve a witness when he refuses to answer an illegal question, then the leading idea of a due subordination of inferior to superior Courts is entirely inapplicable to this important class of questions.

In reference to the right and duty of this Court on *habeas corpus,* to review the decisions of inferior Courts in cases of contempt, as well as in others, I have already given my views more fully in the separate opinion heretofore given in a case lately decided by this Court. But I will submit some additional reasons.

The twentieth section of the *Habeas Corpus* Act, provides in substance, that when the prisoner is held by virtue of process from any Court of this State, or judge, or officer thereof, such prisoner may be discharged for different causes stated, one of which is, "when the process, though proper in form, has been issued in a case not allowed by law."

Now here, the act of the Court issuing process in such case, can be reviewed, and the decision directing the process to issue, defeated. Does this provision apply to process issued in cases of contempt? I think it does.

The four hundred and eighty-first section of the Practice Act, requires the Court in cases of contempt committed in the immediate view and presence of the Court, to "make an order reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt." And in cases "where the contempt consists in the omission to perform an act which is in the power of the person to perform, the act (to be performed) shall be specified in the warrant of commitment." In other cases an "affidavit of the facts constituting the contempt, shall be presented to the Court, or a statement of the facts by the referees or arbitrators."

The prisoner was committed for an alleged refusal to "perform an act which was in his power to perform;" and is the statement that he was committed for a contempt in "refusing to answer certain questions propounded to him" by the grand jury, a substantial compliance with the statute? What those questions were does not appear; whether they were legal or otherwise is not shown. No other Court but the Court of Sessions can know the facts upon which the commitment was made. To say that a party must answer "certain questions," not stating them, is not "specifying the act in the warrant of commitment" which the Court required the prisoner to perform. There is no limit set to the act to be performed; no specific duty pointed out. The questions may be two or any greater number; all is indefinite and uncertain, and this Court has no means of knowing what the prisoner is required to do.

Now, in requiring that the act to be performed should be specified in the warrant of commitment, the statute must have had some object in view. What could that object be, except to afford the means of judging of its correctness by other Courts?

If, then, we have the right to set aside the order of an inferior Court in a case of contempt, it would seem clear that the warrant of commitment should state all the material facts upon which the action of the Court is predicated.

In the present case it should have been stated that the grand jury were inquiring into a certain question, stating it; that prisoner was sworn as a witness and certain questions propounded to him, stating them; that he refused to answer; that the facts were thereupon presented to the Court by the grand jury, and the prisoner required by the Court to answer, which being refused, he was committed for contempt.

The objection taken by the district attorney, that such a course would defeat the ends of justice by making public the proceedings before the grand jury, though plausible, is not

sound. .The questions could be propounded in writing, and their character need not be made public. So, likewise, the proceedings under the writ, in a case of this kind, need not necessarily be known to any but the officers of the Court, the prisoner and his counsel.

It is ordered that the prisoner be discharged.