[No. 20230. In Bank. — October 29, 1886.]

## EX PARTE F. J. ZEEHANDELAAR, ON HABEAS CORPUS.

CONTEMPT — REFUSAL OF WITNESS TO ANSWER — QUESTION MUST BE PERTINENT. — The refusal of a witness to answer a question not pertinent to the issues on trial is not a contempt; and an order adjudging him guilty of a contempt which fails to show the pertinency of the question is invalid.

ID. — IMPERTINENT QUESTION. — Pending the trial of an action, the petitioner was called as a witness, and asked by the judge whether any one connected with the office of an attorney for one of the parties, who had been present at the trial, had made any statements to him as to what had transpired during its progress. The petitioner refused to answer, and was adjudged guilty of contempt, and imprisoned. He thereupon sued out the present writ of *habeas corpus* to be discharged from the imprisonment. Neither the petition for the writ nor the return thereto contained any allegation showing the pertinency of the question to the issues on trial. *Held*, that the refusal to answer the question was not a contempt.

APPLICATION for a writ of *habeas corpus*. The facts are stated in the opinions.

*Charles F. Hanlon*, for Petitioner.

*Aylett R. Cotton*, and *M. A. Wheaton*, for Respondent.

SHARPSTEIN, J.—The code requires the person on whom a writ of *habeas corpus* is served to make a return thereto; and if the party is detained by virtue of any writ, warrant, or other written authority, a copy thereof must be annexed to the return. (Pen. Code, sec. 1480.)

Such a return has been made in this case, and the petitioner excepts to the sufficiency of it, because, as he insists, no legal cause is shown for his imprisonment.  The return shows that during the progress of a trial in the Superior Court the petitioner was called and sworn as a witness, and was asked a question by the court, which he refused to answer.  For such refusal he was adjudged guilty of contempt, and ordered to be imprisoned until he should answer said question.  There are no facts recited in the order which show or tend to show that the question was pertinent to the matter in issue.

"A witness must answer questions legal and pertinent to the matter in issue."  (Code Civ. Proc., sec. 2065.)  It is his right "to be examined only as to matters legal and pertinent to the issue."  (Id., sec. 2066.)  Such being his right, we think it follows that the refusal to answer a question not pertinent to the issue was no contempt, and that the order adjudging him guilty of a contempt which fails to show that the question was pertinent to the issue is invalid.  Conceding, as we do, that the court had jurisdiction of the action on trial, we cannot concede its power to inquire into matters outside of the issues therein.  It had the power to order questions pertinent to the issues to be answered, but it had not the power to order questions not pertinent thereto to be answered. As to matters not in issue it had no jurisdiction.

In order to show a legal cause for the imprisonment of the petitioner, the return in this case should show that the question which he refused to answer was pertinent to the matter in issue before the court, and as this is not shown by the return, no legal cause for the imprisonment of the petitioner is shown, and he should be discharged, and it is so ordered.

Myrick, J., concurring.—I concur in the judgment.

The question which the petitioner refused to answer, and for which refusal he was adjudged guilty of con-

tempt, was not pertinent to any matter involved in any issue then before the court. Under such circumstances, his refusal was no contempt, and the court had no jurisdiction to imprison him.

The petitioner should be discharged.

Morrison, C. J., concurring.—The petition in this case shows that the petitioner was called upon to testify in a certain divorce case pending in the Superior Court of San Francisco, wherein one Alice Hinkle was plaintiff and P. Hinkle the defendant, and in the course of the proceedings the petitioner was asked the following question by the judge of the court: "I desire to know if Mr. Hinkle or Mr. Lowenthal, or anybody connected with Mr. Lowenthal's office who has been present during the trial, has made to you any statements as to what transpired during the progress of the trial."

This was the first and only question asked the petitioner, which the petitioner declined to answer, and was thereupon imprisoned for contempt of court for such refusal.

It does not appear for what purpose the question was asked, and it is not clear how an answer thereto could have been material to the divorce case then on trial. Unless the matter sought to be elicited from the witness had some bearing on the case on trial, or was in some manner material to matter in issue, it is hard to understand what right the court had to inquire into it, or how the refusal of the witness to answer it constituted a contempt of the court.

By section 1211, Code of Civil Procedure, it is provided that "when a contempt is committed in the immediate view and presence of the court or judge at chambers, it may be punished summarily, for which an order must be made reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt," etc.

If all the facts set forth in this case are admitted to be true, it does not follow therefrom that the defendant was guilty of a contempt of court in declining to answer the question, and that he thereby committed a contempt of court.

I am of opinion that the petitioner should be discharged, and it is so ordered.

Thornton, J., concurring.—I cannot perceive that the court had jurisdiction to compel by imprisonment an answer to the question put to the petitioner.

It appears that during the progress of the trial of *Hinkle* v. *Hinkle,* which was an action for a divorce, petitioner was called and sworn as a witness, and one question only was put to him. It is not stated in the commitment that petitioner was called as a witness in the cause on trial, but the statement is made generally as given above. The following is the question put: "I desire to know if Mr. Hinkle or Mr. Lowenthal, or anybody connected with Mr. Lowenthal's office who has been present during the trial, has made to you any statements as to what transpired here during the progress of the trial."

How such a question could be pertinent in the divorce case on trial I cannot perceive. It may have been pertinent with regard to a violation of an order made that the case of *Hinkle* v. *Hinkle* should be heard with closed doors, from which the public generally should be excluded, and on a trial of some one for such violation, but the commitment does not show that such an order for the pending trial had ever been made. But without some regular proceeding against a person for the violation of such an order, I am of opinion that the court is without jurisdiction to put such a question to any one. In my judgment, the court had no jurisdiction, conceding that the order for the trial with closed doors had been made and entered, to ask such a question of a witness, with a

view of ascertaining if a certain person had been guilty of such violation, and in advance of a regular trial for an alleged violation of such an order.

It is argued that the petitioner cannot urge such ground for his discharge as is above stated, because he did not urge it before the court which ordered his imprisonment. I cannot agree that such a contention is sound. If the court is entirely without jurisdiction, the order called in question here is void, and the petitioner cannot for the reason alleged be precluded from availing himself of it.

I concur in the conclusion that the prisoner should be discharged, for the reasons above given.