[S. F. No. 1680.   Department One.—December 31, 1900.]

ALFRED OVEREND, Petitioner, v. SUPERIOR COURT, etc., Respondent.

CRIMINAL LAW—PRIVILEGE OF WITNESS—TENDENCY TO CRIMINATE—JUDICIAL QUESTION.—A witness in a criminal case cannot constitute himself an arbitrary or exclusive judge as to whether or not the evidence called for by a question would tend to convict him of a felony; but it is a matter which the trial court is to decide, subject to review by the appellate court.

ID.—PUNISHMENT FOR CONTEMPT—UNTENABLE BASIS—TESTIMONY UPON PRELIMINARY EXAMINATION—WAIVER.—A punishment for contempt cannot properly be based upon the ground that the witness testified upon the preliminary examination, and thereby waived his right to refuse to testify at the trial, upon the ground that his evidence would tend to convict him of a felony.

ID.—INVALID PROCEEDINGS IN CONTEMPT—JURISDICTION NOT SHOWN IN ORDER—CERTIORARI.—An order punishing a witness for contempt committed in the presence of the court by refusing to answer questions on the ground that his answer would tend to convict him of a felony, which does not recite facts constituting the contempt, and conferring jurisdiction upon the court, and does not show that the questions asked were pertinent and material to the issue, is invalid, and will be annulled upon *certiorari.*

ID.—VALID ORDER—QUESTION AS TO KNOWLEDGE OF DEFENDANT—IDENTIFICATION—WITNESS NOT PROTECTED.—An order punishing the witness for contempt which recites that on the trial of a defendant charged with embezzling the property of the witness he was

asked if he knew the defendant, and refused to answer the question, shows that the question was material and pertinent to the issue as a means of identifying the defendant, and that an answer thereto could not in any material degree tend to convict the witness of a felony, and that the witness was not protected, but was guilty of contempt in refusing to answer the question.

ID.—REQUEST FOR DISMISSAL OF PROSECUTION.—The fact that during the progress of the trial of the defendant charged with embezzling the property of the witness, the latter asked the prosecuting officer to dismiss the charge, is of no importance, no criminal proposition being shown which would have justified the witness in refusing to answer the question as to his knowledge of the defendant.

ID.—INVALID PART OF JUDGMENT—VALID SEPARATE PART.—An invalid part of the judgment for contempt ordering the petitioner to be confined until the question was answered does not affect the validity of an independent and separate part of the judgment imposing a fine and imprisonment for five days.

ID.—VARIOUS REFUSALS TO TESTIFY—QUESTION AS TO CONTINUING CONTEMPT—VOID ORDERS—SINGLE VALID ORDER.—Where there were three punishments for contempt for various refusals of the witness to testify, but two of them were void, and are annulled upon *certiorari,* the question whether the various refusals constituted one single, continuing contempt, which could be punished but once, fails of merit.

CERTIORARI from the Supreme Court to review and annul orders of the Superior Court of the City and County of San Francisco punishing a witness for contempt.   William T. Wallace, Judge.

The facts are stated in the opinion of the court.

J. J. Guilfoyle, and F. W. Van Reynegom, for Petitioner.

Jones & O'Donnell, for Respondent.

GAROUTTE, J.—This is an original proceeding in *certiorari* to annul three certain orders or judgments made by the trial court.

The facts are these: On June 15, 1898, at 10 A. M., one Minnie Campbell was upon trial in the superior court charged with the commission of a felony.   Petitioner Overend was called and sworn as a witness, whereupon he refused to answer any questions, upon the ground that his evidence would tend

to criminate him.   The court then made an order which recited that the witness was the prosecuting witness in the case, and that he had appeared at the preliminary examination of defendant and testified fully without objection; that he had been ordered by the court to answer the questions which had been addressed to him, and had refused, and thereupon it was adjudged that he was guilty of contempt in refusing to obey the order of the court, and as a punishment he was "committed to the county jail of the city and county of San Francisco, until 2 o'clock P. M., and, moreover, that he pay a fine of five hundred dollars for his contempt in that behalf."

At 2:30 P. M. of the same day the trial was resumed, and Overend was again called to the witness stand and asked the following question: "Do you know the defendant Minnie Campbell?" and he again refused to answer, upon the ground that his answer might tend to convict him of a felony.   The witness further stated that he would refuse to answer any and all questions which might be propounded to him as a witness in the case.   Whereupon petitioner was adjudged guilty of contempt and ordered to be punished by paying a fine of five hundred dollars and be imprisoned in the county jail of the city and county of San Francisco until 10 o'clock A. M., June 16, 1898.

At 10 o'clock A. M., June 16th, petitioner was again called to the stand to testify, and was asked the following question: "Do you know the defendant Minnie Campbell?"   He again refused to answer the question, upon the ground that his answer might tend to convict him of a felony, and further stated that he would refuse to answer any and all questions which might be propounded to him as a witness in said case.   Whereupon the court made an order reciting the facts found in the first order made, also reciting the question asked and the refusal to answer it; that it was indispensable to the prosecution to prove that petitioner did know the defendant Minnie Campbell; and that, if petitioner should answer the question "Do you know the defendant Minnie Campbell?" he would not thereby give any evidence which would tend to convict him of a felony; and by reason of his refusal to answer the aforesaid question the petitioner was declared guilty of a contempt

of court and was ordered to pay a fine of five hundred dollars
and be imprisoned in the county jail of the city and county of
San Francisco for the period of five days.  The court at this
time, and as a part of the same judgment, also ordered peti-
tioner to be confined in the aforesaid jail until he answered
the question, "Do you know the defendant Minnie Campbell?"
This latter part of the judgment has been declared void by this
court.  (*Ex parte Overend,* 122 Cal. 201.)

1. .It may be declared well settled, that the witness cannot
constitute himself an arbitrary or exclusive judge as to whether
or not the evidence called for by the question would tend to
convict him of a felony.  It is a matter which the trial court
is to decide, and even its action may be reviewed upon appeal
to this court.  It is said in Wharton's Criminal Evidence, sec-
tion 469: "The witness is not the sole judge of his liability.
The liability must appear reasonable to the court, or the wit-
ness will be compelled to answer. . . . . But in order to claim
the protection of the court the witness is not required to dis-
close all the facts, as this would defeat the object for which
he claims protection.  It is not, indeed, enough for the wit-
ness to say that the answer will criminate him.  It must ap-
pear to the court from all the circumstances that there is a
real danger, though this the judge, as we have seen, is allowed
to gather from the whole case, as well as from the general con-
ception of the relations of the witness.  Upon the facts thus
developed it is the province of the court to determine whether
a direct answer to a question may criminate."  It is said in
*Ex parte Stice,* 70 Cal. 53, by this court in Bank: "Whether
the answer to this question would be or might be of such tend-
ency, the court in which the trial is proceeding must adjudge,
. . . . and it cannot be called on to do so in advance of the
question being put.  To hold that the reason stated above
would justify a person called in refusing to be sworn would be
to make such a person, and not the court, the final judge, and
exclude the court from any consideration of the matter what-
ever.  Such is not and cannot be the law."  In the case of *In
re Rogers,* 129 Cal. 468, it is decided: "As to the relevancy and
pertinency of the questions propounded, it is sufficient to say
that the decision of that matter rests with the judge, and not

with the witness, but the decision of the judge at *nisi prius* is reviewable by this tribunal under the writ. (*Ex parte Zee-handelaar*, 71 Cal. 238.) Otherwise the production of evidence would cease to be under the control of the court, and would depend upon the opinion of the witnesses."

2. It appears that the trial court based its judgments of contempt largely upon the ground that the witness had, without objection, testified at the preliminary examination of Minnie Campbell, and for that reason had waived his right to refuse to testify at the trial upon the ground that his evidence would tend to convict him of a felony. The position of the trial court in this regard is untenable. This question of waiving the privilege is discussed and decided in *Temple v. Commonwealth*, 75 Va. 896, and *Cullen v. Commonwealth*, 24 Gratt. 624. It is said in those cases that the witness' statements elsewhere have nothing to do with the question.

3. Section 1211 of the Code of Civil Procedure declares: "When a contempt is committed in the immediate view and presence of the court, or judge at chambers, it may be punished summarily; for which an order must be made, reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed. When the contempt is not committed in the immediate view and presence of the court, or judge at chambers, an affidavit shall be presented to the court or judge, of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators, or other judicial officer."

It has been held by this court and other courts, with entire unanimity, that when the contempt is a constructive contempt, namely, committed without the presence of the court, the affidavit of facts forming the basis of judicial action must show upon its face a case of contempt; and, if it does not, then the court is wanting in jurisdiction, and the order of contempt is void. In the case of a contempt committed in the presence of the court, the section says that the order adjudicating the contempt must contain a recital of the facts. This provision can only mean that the order must contain a recital of those facts which make out a case of contempt—that is, a recital of those

facts which in a case of constructive contempt the law says must be incorporated in an affidavit.

In *People v. Turner*, 1 Cal. 155, it is said: "We think it follows, from the distinction above considered, that the final order of the court by which a party is adjudged to have been guilty of a contempt should always show, upon its face, the facts upon which the exercise of the power is based and the adjudication is made."

In *Ex parte Rowe*, 7 Cal. 183, we find this language: "If, then, we have the right to set aside the order of the inferior court in a case of contempt, it would seem clear that the warrant of commitment should state all the material facts upon which the action of the court is predicated. In the present case it should have been stated that the grand jury were inquiring into a certain question, stating it; that the prisoner was sworn as a witness and certain questions propounded to him, stating them; that he refused to answer; that the facts were thereupon presented to the court by the grand jury, and the prisoner required by the court to answer, which, being refused, he was committed for contempt." Again in *Batchelder v. Moore*, 42 Cal. 415, the court said: "The power of a court to punish for alleged contempt of its authority, though undoubted, is in its nature arbitrary, and its exercise is not to be upheld, except under the circumstances and in the manner prescribed by law. It is essential to the validity of proceedings in contempt subjecting a party to fine and imprisonment that they show a case in point of jurisdiction within the provisions of the law by which such proceedings are authorized, for mere presumptions and intendments are not to be indulged in their support." In *Ex parte Zeehandelaar*, *supra*, Justice Sharpstein said: "In order to show a legal cause for the imprisonment of the petitioner, the return in this case should show that the question which he refused to answer was pertinent to the matter in issue before the court, and, as this is not shown by the return, no legal cause for the imprisonment of the petitioner is shown, and he should be discharged." This conclusion of the justice, in substance, was indorsed by the other members of the court. In *Schwarz v. Superior Court*, 111 Cal. 112, we find this declaration: "The offense being criminal in its nature, both the

charge and the finding and judgment of the court thereon are to be strictly construed in favor of the accused."

4. Let us try this case in the crucible furnished by the law as declared in the foregoing authorities. The questions asked a witness must be pertinent and material to the issue. The court has no power to compel a witness to answer any others, and the refusal to answer a question not pertinent and material to the issue is no contempt of the court. Yet the first order of contempt made by the trial court in this proceeding which is before us for review does not state the question or questions asked of the witness. It follows that this court does not know anything about either their materiality or pertinency to the issue on trial. As far as this court knows, the questions asked may only have had the purpose of eliciting evidence wholly foreign to any issue bearing upon the case. There is not even a recital in the order of contempt that the questions and answers thereto were material and pertinent to the issue. The section of the code quoted requires the facts to be stated, and that requirement demands the question or questions addressed to the witness to be stated in the order. In a proceeding for contempt the jurisdiction of the court to make the order must affirmatively appear. The cases stated so declare the rule. Here there is no affirmative showing of jurisdiction, because it is not shown that the questions were material and pertinent. For this reason this order adjudging defendant guilty of contempt is void and should be annulled.

5. We pass to the order of contempt made at 2:30 P. M. of the same day by the court. The minutes of the court show that the witness was asked the question, "Do you know the defendant Minnie Campbell?" The minutes further show that petitioner refused to answer the question. As to this contempt the order made by the court adjudging it contains no recital of any jurisdictional facts whatever. The statute says the facts showing the contempt must appear upon the face of the order. For this reason we hold the second order of contempt void.

6. As to the third order of contempt made, the jurisdictional facts therein recited are fully sufficient to invest the court with jurisdiction to make it, and, that being so, the questions are

at once presented: 1. Was the question asked material and pertinent to the issue? and 2. Would the answer to the question tend to convict the defendant of a felony? Minnie Campbell was upon trial charged with embezzlement. Overend, petitioner, was the party whose property she was charged with having embezzled. Under these circumstances the question, "Do you know the defendant Minnie Campbell?" was material and pertinent to the issue as a means of identifying the defendant. Petitioner's testimony to this point was probably absolutely necessary in order that the charge might be established. Second, would the answer to the question "Do you know the defendant Minnie Campbell?" tend to convict the witness of a felony? If his answer was no, it certainly could not have any such effect; and if his answer was yes, we see nothing in that evidence which would tend in any material degree to convict the witness of a felony. If this question and answer, standing alone, would have such a tendency, we can hardly imagine any question and answer that would not have the same tendency. A mere acquaintanceship with defendant Minnie Campbell, of itself, certainly would not tend to convict the witness of a felony. It was not for the witness to surmise, "Another question is going to follow which will tend to convict me of a felony, and therefore I will refuse to answer this one." He cannot know that a second question will be asked at all. It is only when the important question—some question tending to criminate—is asked, that he may plead this privilege. Perchance it never will be asked. Some point is also made by petitioner that the evidence discloses that during the progress of the trial he asked the prosecuting officer to dismiss the charge against the defendant Minnie Campbell. But we attach no importance to this fact. There is nothing to indicate that this act of petitioner was in any way criminal, even conceding that a criminal proposition of that character made to the prosecuting officer would have justified this witness in refusing to answer the question, "Do you know the defendant Minnie Campbell?"

We attach no importance to the claim that the judgment under the third order was in the nature of a double judgment, and, therefore, void. The court has already decided, in *Ex*

*parte Overend, supra,* that the second portion of the judgment was void. The part remaining, being separate and independent, therefore stands as a valid and binding judgment.

It is also claimed that these various refusals to testify constitute but a single, continuing contempt, which may only be satisfied by a single judgment. *Ex parte Stice, supra,* appears to declare a contrary doctrine. But regardless of that decision, there being but one valid order of contempt made by the trial court, this contention, for that reason, fails of merit.

For the foregoing reasons the court concludes that the first and second orders of contempt are void, and they are hereby annulled and set aside. The third order of contempt made is valid and binding, and, as to it, this writ will be dismissed.

Van Dyke, J., and Harrison, J., concurred.