(Cuyahoga County Common Pleas.)

IN RE APPLICATION OF ELMER TURNER, (Habeas Corpus), v. EDWIN F. BARRY, Sheriff of Cuyahoga county.

A witness who refuses to answer a question before a notary public in the taking of depositions, is not guilty of contempt if such question is not pertinent to the issue.

Where a notary ,before whom depositions in a pending suit are being taken, commits a witness as for contempt, for refusal to answer certain questions, all the facts necessary to enable the court, on *habeas corpus*, to determine the materiality of the question should appear on the face of the order of commitment itself.

The order of commitment made by the notary, should contain a finding that the witness was guilty of contempt.

There is no contempt until an order has been lawfully made by the notary, and a refusal on the part of the witness to obey that order; the mere putting of a question to a witness by the attorney for the party taking the deposition, and a failure to answer the question at the request of the notary, the notary making no command, request, or order to the witness, constitutes no contempt, and a committal therefor is illegal.

(See in this connection the decision of Spiegel, J., of the Hamilton county Common. Pleas, 8 Nisi Prius 142, affirmed by Circuit court.)

FORD, J.

The petitioner, Elmer Turner, by his petition in habeas corpus seeks to be discharged from a commitment made by a notary public before whom his deposition was being taken in an action pending in this court, in which The Omaha Packing Company is plaintiff and The United Salt Company is defendant.

Several grounds are urged for the discharge of the petitioner, but I shall consider only one as I believe that one fully disposes of the case.

Since the decision of the case ex parte Malcom Jennings, 60 Ohio St., 319, I think it may be regarded as settled law in this state, that a witness being examined before a notary public, in the taking of depositions in a suit, may refuse to answer questions not relevant or pertinent to the issues in the case.

Judge Shauck says in that case:

"Accordingly the settled law upon the subject is as stated in Church on Habeas Corpus, section 319: 'The law has not invested such officers (notaries public) with arbitrary and omnipotent power to compel a witness to answer all questions however incompetent, irrelevant, immaterial or inadmissible. A refusal to answer such questions is not necessarily a contempt. To have power to commit for contempt, the notary must exercise his functions substantially in the manner and under the circumstances prescribed and contemplated by law. It has, therefore, been

held that a witness will be discharged on habeas corpus where he has been committed for contempt by a notary public for failing or refusing to produce papers and testimony that are incompetent and inadmissible.' Proffat on Notaries, section 31; In re Beardsley, 37 Kas. 666; Ex parte Krieger, 7 Mo. App., p. 637.

"The conclusions stated must be sound, unless the officer taking a deposition is released from limitations which the law imposes upon the authority of the judge before whom it is to be read, since a witness examined in court is not guilty of contempt in refusing to answer an . incompetent question. Ex parte Zeehandelaar, 71 Cal. 238; People ex rel. v. Kelly, 24 N. Y. 74." * * *

"We do not suppose that any interest which the witness may have in concealing the facts which the question propounded was designed to elicit would excuse him from answering, if the facts were relevant to the issues in the case on trial; nor that the sincerity of his belief that the facts are irrelevant would shield him from imprisonment if the court should be of the opinion that they are relevant. If he refuses to answer upon the ground that the answer is incompetent, he does so at his own peril."

The sheriff's return was attached to the notary's order of commitment, which is as follows:

"The State of Ohio, Cuyahoga county.

"To Edwin Barry, sheriff of said county: Whereas, on the 11th day of January, A. D., 1901, in a certain action then and there still pending in the court of common pleas of Cuyahoga county, in said state, wherein The Omaha Packing Company is plaintiff and The United Salt Company is defendant, the undersigned F. Burton Gott, a notary public, duly appointed in and for the county of Cuyahoga, state of Ohio, at the office of Arnold Green in the city of Clevelnd, county of Cuyahoga, state of Ohio, and at the request of the said, The Omaha Packing Company, plaintiff, and on its behalf, was taking the depositions of witnesses in said action, and Elmer Turner, a resident of said county of Cuyahoga, then and there appeared as a witness in behalf of said plaintiff, The Omaha Packing Company, and the said Elmer Turner was sworn and examined; and upon his said examination as a witness and while his deposition was then and there being taken, and for the purpose of making the answer to the same a part of the deposition, the following questions were put to him by Arnold Green, in behalf of the plaintiff, The Omaha Packing Company; and answers were made thereto as follows, to-wit:

(See paper hereto attached marked Exhibit "A", and made part hereof.)

"And the said Elmer Turner refused to answer the question: "Now give the names of the members of the board of directors of the company at that time?", and as shown in the Exhibit "A" hereto attached and made a part hereof, and thereupon the undersigned ordered the said Elmer Turner to answer said question, which he refused to do; and the un-

dersigned, then and there for the said contempt of the said Elmer Turner in so refusing to answer said question, ordered and adjudged that he be imprisoned in the county jail of said county of Cuyahoga until he submit to testify in the premisses.

"You are therefore ordered to arrest and commit the body of said Elmer Turner to the jail of the said county of Cuyahoga, there to remain until he shall submit to testify as aforesaid; and of this order make legal service and due return.

"Given under my hand and seal this 11th day of January, A.D. 1901.

(Signed) F. Burton Gott.

"I executed this order by committing the within-named Elmer Turner to the jail of Cuyahoga county, and by delivering a copy of this order to the jailer."

Sheriff's Return.

"The STATE OF OHIO, Cuyahoga county, ss.

"Pursuant to the command of the foregoing, I have the body of the within-named Elmer Turner before his Honor, S. S. Ford, presiding judge at court room 1, together with the cause of his caption and detention, which is hereto attached and made a part hereof.

"Edwin D. Barry, Sheriff,
"by Jos. J. Klein, Deputy.

In Exhibit "A", leaving out matters of controversy between the witness and counsel, the witness was asked and answered the following questions:

(By Mr. Green) State as nearly as you can the language you used in directing Mr. Hinsey to telephone? A. As near as I can remember, I said to him, "Hinsey, these people are after us for salt and we can't deliver it; go to the telephone and tell them so, that their packing business will not be interfered with expecting salt from us and can't get it, so that if they know they can't get it from us, they will get it somewhere else." That was the particular point * * *. Q. Where did you give him these instructions? A. At our office * * *. Q. Did any one give directions to you to discontinue shipping salt? A. Yes, sir. * * *.

Mr. Green. I want to show that it was by the direction of the president of the company. Judge Lamson. You may take that for granted, if that is all you want in this answer. The witness. It was not by the direction of the president of the company.

Q. Was it by the direction of any officer of the company * * * ? A. * * I may say, however, that one of the officers of the company directed it. Q. What did he say? A. Stop shipping salt * * *. Q. Did he mention to whom? A. On these contracts * * *. Q. Was it accompanied with any explanation why you should stop? (Objected to as immaterial.) A. There was no explanation. Q. What was the name of the officer you refer to? A. I must decline to answer that Mr. Greene. Q. What office did he hold, this officer? (Objected to.) A. I decline to answer the question. Q. Was he also a director of the company? A. Yes, sir. Q. What authority did he have as such officer and director to

direct you not to ship salt on the Chicago contracts? A. I refuse to answer the question on the ground that it is going into the private affairs of this company. Q. Was he an officer superior in authority over you? A. I think he was vice-president, but I don't know whether he was or not * * *. Q. You were secretary and treasurer of the company as well as general manager at this time? A. I was secretary and treasurer; if I was general manager it was simply a title I had grown into by having charge of affairs. Q. You were a member of the board of directors? A. No, sir. Q. Now, give the names of the officers of the corporation and the members of the board of directors of the company at that time? (Objected to, as it is a part of the private business of the company and has nothing to do with this case and is entirely immaterial and is an inquiry set on foot for purposes entirely foreign to the issues in this case. A. I decline to answer it on advice of my counsel. Q. Do you decline for any other reason? A. No, sir, I decline for the reasons my counsel has given. Whereupon counsel for plaintiffs requests the notary to direct the witness to answer the question. Whereupon the notary directed the witness to answer the question. Whereupon the witness declines to answer on advice of counsel. Judge Lamson. I have stated the reasons why I advised the witness not to answer the question, as it is an inquiry entirely outside of this case not made for the purpose of establishing any of the allegations of this petition. Whereupon counsel for plaintiff requested the notary to order the witness committed to jail as being contumacious, until he shall be willing to answer the question.

Counsel for the petitioner contend that this return taken altogether does not constitute a valid and sufficient return,— does not show the legal authority and, therefore, the jurisdiction of the notary to commit the witness for contempt. They say that the notary does not show his authority to commit, unless facts enough are set forth to make it appear on the face of the order that the question asked was pertinent and relevant.

If it is conceded that a witness who refuses to answer a question not pertinent to the issue is not guilty of contempt, it necessarily follows that the order judging him guilty of contempt, which fails to show that the question was pertinent to the issue, is invalid. As to matters not in issue, the notary had no jurisdiction.

Can this court determine from the order of commitment, that this question was pertinent or relevant to this case? Does the return set out facts enough to make it appear on the face of the order, that the question asked was material and admissible?·

The question was asked, "Now give the names of the officers of the corporation and the members of the board of directors at that time?"

To this question the counsel for the Salt Company objected, "as it is a part of the private business of the company and has nothing to do with this case and is entirely immaterial

and is an inquiry set on foot for purposes entirely foreign to the issues in this case."

Counsel for defendant company a moment later said: "I have stated the reasons why I advised the witness not to answer the questions, as it is an inquiry entirely outside of this case, not made for the purpose of establishing any of the allegations of this petition."

To this emphatic and sweeping objection, counsel for the plaintiff company makes no reply. He does not disclaim even the assertion of opposing counsel. He does not state that by the answer will be supported any material allegation in the case. He does not state that it becomes material by evidence to be introduced later, or even that it is preliminary to some material inquiry.

In all cases I have examined, the return apparently shows that counsel in the case set out facts, or embodied in a statement, facts or claims intended to make apparent the relevancy of the question—or it otherwise appeared on the face of the order of commitment.

In a case in the court, reported in 15 Bull., 197, Judge McKinney said:

"A notary public has the power and authority to commit a witness for contempt in refusing to answer questions pertinent to the issues in the case when he is properly taking depositions."

"Where a deposition is being taken by a notary, and a witness is committed for refusing to answer a question, the return of the officer and the record must clearly show that every preliminary step has been taken, by way of notice or otherwise, to authorize the notary to take deposition.

"There is no implication in favor of the return or record; everything requisite or necessary for the exercise of the authority by the notary must appear on the face of the record." As stated in *ex parte Woodworth*, 29 Bull. 317:

"The order of commitment sets out the questions which the petitioner refused to answer. But in the order there is nothing showing whether or not the questions were competent—were, in other words, such questions as the petitioner might lawfully be ordered to answer.

"Section 5256 requires that the order of commitment must specify particularly the cause of commitment, and if the commitment is for a refusal to answer a question, such question must be stated in the order. The order in this case sets out the questions, but does it 'specify particularly the cause of the commitment?'

"When a witness refuses to answer, the cause of the commitment is a refusal to answer when lawfully ordered. He cannot be

lawfully ordered to answer unless the question put to him is pertinent and relevant to the issue in the case. To specify particularly the cause of commitment in such case, the order must show that the witness refused to answer a pertinent and relevant question, and to do that it should set out facts enough to make it appear on the face of the order that the question asked was pertinent and relevant.

"In 71 Cal. 238, it was held that a commitment for contempt in refusing to answer a question, must state facts sufficient to show the pertinency and relevancy of the question.

"In 4 Bull. 457, it was held that to commit a witness for contempt in refusing to bring books and papers under a subpoena *duces tecum,* it should appear from the mittimus that the book or paper contains evidence pertinent to the issue."

I have some doubt whether in determining this question, the court should consider alone the return, or whether he should consider in connection with the return the pleadings of the parties in the case in which the deposition was being taken,—inclining to the opinion that all the facts necessary to enable the court to determine the materiality of the inquiry should appear on the face of the order of commitment itself. But, for the purposes of the decision in this case, I have taken into consideration, in addition to the return, the pleadings in the case. Does the examination of the return in connection with the pleadings, enable the court to determine that the inquiry made in this case was pertinent and relevant to the issues?

The suit was upon a written contract, alleging an agreement to deliver salt at a certain price for a fixed time, a breach of that contract, and damages.

How does the inquiry, "Who are the officers and directors of the defendant company," in any manner throw any light upon the *making* of the contract or the *breach* thereof?

An answer to it could only have resulted in the giving of the names of certain parties. The ascertaining of these names by the answer or through the answer of the witness could in no way throw any light upon the *making* of the contract sued upon, or the *breach* of the same.

In a proceeding of this kind, it seems to me that the court is not called upon to search about for some possible contingency or future situation in the suit in which the answer might become relevant.

Without a statement from counsel as to the purpose of this question, it seems to me to be very clear that no court could from the return in this case, in connection with the pleadings and all the evidence, find that the inquiry made was material. 7 Mo. App. 367:

[Vol. 8—pp. 243-244 reprinted.]

The court acting in this manner is somewhat in the same situation as would be a reviewing court upon matters of the admission or materiality of evidence and it is as much essential in the case at bar that the attorney should set out fully what he expected to prove by a particular inquiry as would be necessary before a reviewing court, where the answer itself would not throw light on some issue of the case.

Counsel for petitioners also contend that the order of commitment made by the notary, should have contained a finding that the witness was guilty of contempt. This was the holding in 29 Bulletin heretofore cited, and in the interest of the personal liberty of witnesses. I think that rule a good one.

In 15 Bull. 197, also formerly cited, Judge McKinney said:

"There is no contempt until an order has been lawfully made by the notary, and a refusal on the part of the witness to obey that order; the mere putting of a question to a witness by the attorney for the party taking the deposition, and a failure to answer the question at the request of the notary, the notary making no command, request, or order to the witness, constitutes no contempt, and a commital therefor is illegal."

If a failure in an order of commitment to show that there was no order by the notary to the witness to answer, renders that commitment invalid, it would seem that it would be even more necessary that the notary on the refusal of the witness to obey his order, should set out in his commitment a distinct finding that for the disobedience of that order the witness was in contempt.

For the reason, therefore, that the return does not show on its face facts sufficient to enable the court to discover that the question asked was relevant to the issues in the case, and for the further reason that the order of commitment made by the notary does not contain a finding that the witness was guilty of contempt, the petitioner is discharged from the custody of the sheriff.

*A. W. Lamson* and *Klein Carr, Tolles & Goff,* for Petitioner.

*P. H. Kaiser* and *T. L. Taft,* for Respondent.