[Crim. No. 86.  First Appellate District.—April 12, 1907.]

In re SAMUEL M. SHORTRIDGE, on Habeas Corpus.

HABEAS CORPUS—COMMITMENT OF ATTORNEY FOR CONTEMPT—PRESUMP-
TION IN FAVOR OF ACCUSED.—Upon an application for a writ of
*habeas corpus* to review the validity of the commitment of an at-
torney for contempt of the superior court, though the law does
not permit the petitioner to contradict the recitals of facts set
forth in the order of commitment, yet no presumption or intend-
ments can be indulged in against the petitioner.  The offense be-
ing criminal in its nature, both the charge and the finding of
the court are to be strictly construed in favor of the accused; and
the facts set forth in the commitment must be sufficient to show
contempt within the meaning of the law, without the aid of intend-
ments and presumptions.

ID.—INTERRUPTION OF PROCEEDINGS OF COURT—FACTS NOT STATED.—
The statement that the attorney held for contempt interrupted the
proceedings of the court, against the order of the court to cease
such interruption, without stating what he said and did, does not
comply with the mandate of the law that the facts occurring in the
immediate view and presence of the court must be recited in the
order. Many interruptions by an attorney may be lawful and
proper, and the particular circumstances of the interruption must
be set forth, in order that the commitment shall show on its face
that the remarks of the attorney were out of the line of his duty
as an official of the court, and to the party represented by him.

ID.—SUPPOSABLE FOUNDATION FOR CONTEMPT—CLIENT A FUGITIVE FROM
JUSTICE—FACTS NOT SHOWN.—A defendant in a criminal case who
is a fugitive from justice, or who refuses to submit himself to the
jurisdiction of the court, has no right to be heard in court by
counsel, until he does submit himself to the jurisdiction of the
court; and if the commitment had shown what does not appear
therein, that the client of the petitioner was at the time of the
acts complained of a fugitive from justice, and that the court
for that reason had refused to permit him to address the court in
behalf of his client, and that he nevertheless persisted in so do-
ing, the action of the court in adjudging him guilty of contempt
would be sustained. But this rule cannot apply where no such
fact or reason is shown in the commitment for denying to the pe-
titioner the right to address the court.

HEARING on *habeas corpus* to the sheriff of the city
and county of San Francisco, to test the validity of a com-
mitment for contempt by the Superior Court of said city
and county. F. H. Dunne, Judge.

The facts are stated in the opinion of the court.

Peter F. Dunne, Frank P. Murphy, Henry Ach, Robert
Ferral, and Charles H. Fairall, for Petitioner.

Hiram W. Johnson, for Respondent.

HALL, J.—Samuel M. Shortridge heretofore filed in this
court his petition, wherein he alleged that he was illegally
restrained of his liberty by Thomas F. O'Neil as sheriff of
the city and county of San Francisco, and praying for a writ
of *habeas corpus*, to be directed to said sheriff, which being
granted, said sheriff in due time made return thereto that he
held said Shortridge in custody by virtue of a conviction
and judgment for contempt of court, a certified copy of the

commitment being attached to the return. At the hearing before this court petitioner excepted to the sufficiency of the return by way of a demurrer thereto, to the effect that the commitment is on its face void, for the reason that it does not set forth facts sufficient to warrant a conviction or judgment for contempt of court.

The commitment, after reciting the title of the court, is in the words as follows, to wit:

"On this day the Superior Court of the State of California in and for the City and County of San Francisco, being regularly in session, and having then and there regularly before it the actions and proceedings of the People vs. Eugene E. Schmitz and Abraham Ruef, and being then and there engaged in such actions and proceedings in the taking of testimony in open court while a witness, William J. Walsh, was upon the witness stand in open court and being regularly examined and interrogated in respect to said actions and proceedings, after the said William J. Walsh had been duly and regularly sworn to testify as a witness in said matter, and while he was so testifying in regard to his actions in the matter of serving an attachment for the body and person of one Abraham Ruef, which had theretofore on the 7th day of March, 1907, been regularly issued by said court and delivered to said William J. Walsh for execution as Coroner of the City and County of San Francisco, State of California, by reason of the fact that said court had theretofore duly made and entered its order, adjudging that Thomas F. O'Neil, the duly qualified, elected and acting Sheriff of said City and County of San Francisco was disqualified to act in said matter, and after said court had on several occasions admonished said Samuel M. Shortridge to take his seat and to refrain from interrupting the said proceedings, or from interfering with the due and orderly administration of justice, or the orderly administration of the procedure in said court, and the said Shortridge having refused to obey the orders and directions of said court, and having interrupted and continued to interrupt the orderly conduct of the proceedings before the said Court, and having interrupted and interfered with the due and orderly administration of justice in said court, the said court adjudged the said Shortridge guilty of contempt of court, and directed that the Sheriff of the City and County of San Francisco take the said Shortridge into

custody, and that he be confined for the period of twenty-four hours in the County Jail of the City and County of San Francisco, and the Court then found and now finds the following facts in relation to the said contempt, to wit: that on the 8th day of March, 1907, there was pending before the above-entitled court an action or proceeding entitled The People of the State of California, Plaintiff, vs. Eugene E. Schmitz and Abraham Ruef, Defendants; that the said court on said day duly and regularly met, and was during the time hereinafter mentioned duly and regularly holding a session of the said court; that in the matter of the said action and said proceeding the witness had been in said court at said time duly and regularly sworn, and was being examined and interrogated as such witness in said action on said day; that during the time of the examination of said witness the said Samuel M. Shortridge addressed the said court, interrupted the said proceedings, and was admonished and warned by the said court to take his seat and to cease his interruptions, and the said Samuel M. Shortridge refused then and there to obey the order and direction of the said Court; that the said Shortridge continued to talk to said court and interrupt the said proceedings, although directed by the said Court to cease to do so; and the conduct and acts and language of the said Shortridge were calculated to and they did interrupt the orderly conduct of the investigation and proceeding before said Court, and they did interfere with and interrupt the administration of justice in said court; that the conduct and the language of the said Shortridge were boisterous and offensive; that by reason thereof the said Shortridge was guilty of a contempt of court committed in the immediate presence of the court; and the court being fully advised in the premises;

"It is hereby ordered, adjudged and decreed that the said Shortridge be confined in the County jail of the City and County of San Francisco for the period of twenty-four hours; that the sheriff of the City and County of San Francisco take the said Shortridge into his custody and execute this sentence and order.

"Dated March 8, 1907.

"F. H. DUNNE,

"Judge of the Superior Court."

The law does not permit the petitioner to contradict the facts set forth in the order of commitment, but the recitals of the facts must be taken as true upon the hearing before this court on the proceedings for a discharge by the writ of *habeas corpus.*

Upon the other hand, no presumptions or intendments can be indulged in against the prisoner, but the facts set forth in the commitment must be sufficient to show contempt within the meaning of the law without the aid of intendments and presumptions.

"The power of the court to punish for an alleged contempt of its authority, though undoubted, is in its nature arbitrary, and its exercise is not to be upheld except under the circumstances and in the manner prescribed by law. It is essential to the validity of proceedings in contempt, subjecting a party to fine and imprisonment, that they show a case in point of jurisdiction within the provisions of the law by which such proceedings are authorized, for mere presumptions and intendments are not to be indulged in their support." (*Batchelder* v. *Moore,* 42 Cal. 415.)

In *Overend* v. *Superior Court,* 131 Cal. 280, [63 Pac. 372], it was said: "In the case of a contempt committed in the presence of the Court, the section says that the order adjudicating the contempt must contain a recital of the facts. This provision can only mean that the order must contain a recital of those facts which make out a contempt, that is, a recital of those facts which, in a case of constructive contempt, the law says must be incorporated in an affidavit." In other words, the facts that prove the contempt, and not mere conclusions.

To the same effect are *People* v. *Turner,* 1 Cal. 155; *People* v. *Rowe,* 7 Cal. 183; *Ex parte Zeehandelaar,* 71 Cal. 238, [12 Pac. 259].

In *Ex parte Zeehandelaar,* the prisoner was discharged because the return did not show that a question that he had refused to answer as a witness was pertinent to the matter in issue before the court. In *Overend* v. *Superior Court,* 131 Cal. 280, [63 Pac. 372], an order adjudging a witness guilty of contempt was annulled on *certiorari* because the question which he had refused to answer was not set forth, and the order therefore did not show that he had refused to answer a pertinent question, for which reason the order did not state facts showing the accused to be guilty of contempt of court.

These two last-cited cases strikingly illustrate the doctrine that no presumptions or intendments can be indulged in to support an adjudication of contempt, and that the order of adjudication must state facts showing the prisoner to be guilty of contempt.

"The offense being criminal in its nature, both the charge and the finding and judgment of the court thereon are to be strictly construed in favor of the accused." (*Schwarz* v. *Superior Court,* 111 Cal. 106, [43 Pac. 580].)

With the foregoing principles in mind, we now proceed to an examination of the facts set forth in the commitment before us. The petitioner is an attorney at law, entitled to practice as such in all the courts of this state, and as such is an officer of all said courts. It is apparent from a reading of the commitment that the adjudication of contempt is not predicated upon the theory that the acts charged against him were committed by him as a mere interloper and stranger to the action then pending before the court. If that were so, it certainly should have been so stated in the order. Being an attorney at law, we think we should assume, in the absence of any statement to the contrary, that in addressing the court, as it is found that he did, he was acting as the attorney for one of the parties to the action then before the court. We do this the more readily because the argument before this court from both sides shows this to be the fact. A reading of the order of commitment discloses that the gravamen of the charge and finding against the petitioner is that, while a witness was being examined in the action then before the court, and after he had been admonished not to do so, he addressed the court and insisted on talking to the court. The finding is "that during the time of the examination of said witness the said Samuel M. Shortridge addressed the said court, interrupted the said proceedings, and was admonished and warned by the said court to take his seat and to cease his interruptions, and the said Samuel M. Shortridge refused then and there to obey the order and direction of the said court; that the said Shortridge continued to talk to said court and interrupt the said proceedings, although directed by the court to cease to do so." Evidently the statement that the petitioner interrupted the proceedings is based upon the fact that he addressed the court, for no other concrete fact is set forth.

The mere statement that he interrupted the proceedings without stating what he did does not comply with the plain mandate of the law that the facts must be stated. The statute requires that the court must make an order "reciting the facts as occurring in such immediate view and presence." This is essential, in order that it may clearly appear from the actual facts set forth that the accused has been guilty of a contempt. Every interruption of the proceedings of the court is not a contempt, nor unlawful, nor necessarily improper. Many interruptions are lawful and proper. Every time an attorney in the performance of his duty objects to a question asked a witness, or objects to any other proceeding in the action, he may be said to interrupt the proceedings. The particular circumstances of the interruption—the concrete facts constituting the interruption—must be set forth in order that the commitment shall show upon its face and without the aid of presumptions that the accused has been guilty of a contempt. The only interruption set forth—the only concrete fact set forth—is that, while a witness was being examined the petitioner addressed the court, and continued to do so after being admonished to take his seat. What he said to the court is not stated, and no circumstances are set forth which will enable us to say without the aid of intendment and presumption that his remarks were not perfectly proper in themselves, and strictly within the line of his duty as an officer of the court and the attorney for one or both of the parties to the action then pending before the court.

It is true that the court had directed him to cease addressing the court, but so had the court in the cases heretofore cited (*Overend* v. *Superior Court,* 131 Cal. 280, [63 Pac. 372]; *Ex parte Zeehandelaar,* 71 Cal. 238, [12 Pac. 259]; *Ex parte Rowe,* 7 Cal. 183) directed the accused as a witness to answer a question; yet it was held in those cases that the witness was not guilty of contempt unless the question was one pertinent to the issue before the court. Not only this, but the order of commitment must set forth the question and sufficient facts to affirmatively show that the question was one which the witness should answer. The reviewing court cannot, in such cases, in support of the action of the trial court, presume that the question which the witness refused to answer was pertinent and proper, but it must be shown to be so on the face of the commitment. Unless this be shown on the

face of the order, the commitment of the witness for contempt cannot be sustained, notwithstanding that the witness refused to obey the order of the court to answer the question. (See cases last cited.)

Examining the commitment now before us by the four corners in the light of the rule of law that no presumptions or intendments can be indulged in against the accused, it boils down to the proposition that the petitioner, an attorney for one of the parties to the action then pending before the court, has been adjudged guilty of contempt because he persisted in addressing the court as such attorney, presumably on behalf of his client. It is not suggested by anything in the commitment that the language employed by him was improper, or that it reflected in any manner upon the court or the judge thereof. It is true that the order does state in general terms that his conduct was boisterous and offensive, but reading this statement in connection with the context in which it occurs, it is clear that the order means no more by this than to state a conclusion from the fact that he persisted in addressing the court against the order of the court. So the question involves the single proposition: Does the simple fact that an attorney for a party to an action pending before the court, while a witness is being examined, persists in addressing the court, although admonished not to do so, constitute a contempt of court? We think it does not. For aught that we can see from the order, the petitioner may have been rightfully and respectfully discharging his duty to the court and to his client, making proper objections to the questions put to the witness on the stand. What he said to the court is not set forth, nor are any circumstances set forth making it improper for him to address the court in a respectful manner, except the bare order of the court not to do so. This we do not think is sufficient, any more than is the order to a witness to answer a question sufficient without an affirmative showing in the order of commitment that the question is one that the witness should answer.

In what we have said concerning the commitment, we have not overlooked the argument so forcibly pressed upon us by counsel for the respondent that the court has the right to refuse to hear counsel for a defendant who is a fugitive from justice, or who refuses to appear in court when lawfully required to do so.

*Undoubtedly a defendant in a criminal case who is a fugitive from justice, or who refuses to submit himself to the jurisdiction of the court, has no right to be heard in court by counsel until he does submit himself to the jurisdiction of the court. (People v. Redinger, 55 Cal. 290, [36 Am. Rep. 32]; People v. Elkins, 122 Cal. 655, [68 Am. St. Rep. 73, 55 Pac. 599].) If the commitment in this case showed that the client of the petitioner was, at the time of the acts complained of, a fugitive from justice, and that the court for such reason had refused to permit him to address the court on behalf of such client, and that he nevertheless persisted in so doing, we should not hesitate to uphold the action of the court in adjudging him guilty of contempt for such action.*

There is no statement in the order before us that defendant, or any party to the action then before the court, was a fugitive from justice, or was not then before the court. Neither is it stated that the court for any such reason denied petitioner the right to address the court. For aught that appears upon the face of the order of commitment the petitioner's client may have been sitting by his side in the courtroom. It is true that there is a recital in the order to the effect that an attachment had theretofore been issued for the body of Abraham Ruef; and from this we might infer, if it were permissible in this proceeding to indulge in presumptions against the accused, that Mr. Ruef may have been a fugitive from justice. But as we have already seen, upon proceedings to review an order committing a person for contempt, no intendments or presumptions may be indulged in against the accused, but the order must be strictly construed in favor of his liberty. (*Batchelder* v. *Moore,* 42 Cal. 415; *Schwarz* v. *Superior Court,* 131 Cal. 238, [12 Pac. 259].)

There is no statement in the record before us that Mr. Ruef was, at the time the petitioner addressed the court, or at any other time, a fugitive from justice. If such were the fact, and if for such reason the court had refused the petitioner the right to address the court, it was a very simple matter to so state in the order.

The power to punish for contempt, being an arbitrary power, and the facts as recited in the order of commitment being conclusive in such contempt proceeding, the correct rule, in our opinion, is to require the commitment to state the facts so that this court, on reading the commitment, can de-

termine as to whether or not such facts as a matter of law constitute a contempt of court. When we examine the commitment by the above rule we cannot say as matter of law that the petitioner was guilty of contempt.

For the reasons above set forth we think the order of commitment insufficient and that the petitioner should be discharged and it is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.