Hillsborough,  
Sept. 6, 1901.

## PETITION OF BRADLEY.

## PETITION OF SCHATZ.

Where the servant of a corporation, whose duty it is to procure and report in writing the names of witnesses to an accident, is summoned to give a deposition in an action against his employer, he cannot refuse to disclose the information so obtained, by virtue of section 14, chapter 224, Public Statutes.

PETITIONS, for *habeas corpus*. Transferred from the January term, 1901, of the supreme court by *Peaslee*, J. The petitioners were duly summoned as witnesses to give their depositions in an action brought by Sarah Chambers against the Manchester Street Railway, a corporation, to recover for personal injuries alleged to have been caused by the negligence of the servants of the corporation in the management of a car upon which she was a passenger. At the time of the accident the petitioners were agents and servants of the corporation, and in charge of the car in question; and, as such agents and servants, it was part of their duty to procure and report to the corporation, in writing, the names of such persons as were present at the time of the accident and could testify to the manner in which it occurred.

At the time and place to which they were summoned to give their depositions certain questions were propounded to the petitioners, which they declined to answer, claiming that they were exempted from so doing by the provisions of section 14, chapter 224, of the Public Statutes. Thereupon they were adjudged by the magistrate to be in contempt, ordered to be confined in the county jail, and formally committed. Their petitions for writs of *habeas corpus* were denied, subject to exception.

*Taggart, Bingham & Drury*, for the petitioners.

*Burnham, Brown & Warren*, for Sarah Chambers.

REMICK, J. "The deposition of any witness in a civil cause may be taken," etc. (P. S., c. 225, s. 1), but "no party shall be compelled, in . . . giving a deposition, to disclose the names of the witnesses by whom nor the manner in which he proposes to prove his case, nor, in giving a deposition, to produce any writing which is material to his case or defence." P. S., c. 224, s. 14. The petitioners were bound by section 1 of chapter 225 to answer

the questions propounded, unless exempted by section 14 of chapter 224. The exemption provided by the latter section is limited in express terms to parties. The petitioners were not parties to the suit in which they were summoned to testify. As they allege in their petitions, they were merely agents and servants of the defendants. It follows that they were not within the exemption, and were bound, under the general provisions of section 1, chapter 225, to answer the questions propounded.

It is suggested that, as corporations can only act by agents, they will be altogether excluded from the benefits of the exemption if it is confined in its application strictly to parties. It is indeed true that, so confined, the exemption will be of little, if any, value to corporations. The same may also be said as to individuals who, as is often the case, conduct their business almost wholly by means of agents and servants. But these are considerations to be addressed to the legislature. The court cannot enlarge the express terms, and override the express limitations, of the statute.

*Exceptions overruled.*

All concurred.