IN THE MATTER OF THE APPLICATION OF THE PRESS PUBLISHING COMPANY FOR AN ATTACHMENT AGAINST JOSEPH H. LEFFERTS.

Argued June 4, 1901—Decided November 11, 1901.

The refusal of an attorney to obey the command of a subpœna *duces tecum* cannot be justified on the ground that the paper which he is required to produce contains a privileged communication from his client. If he desires, upon that ground, to be excused from obeying the command of the writ, he must apply to the court, out of which it issued, to quash it.

On rule to show cause.

Before Justices GUMMERE and HENDRICKSON.

For the rule, *John E. Miller.*

*Contra, William I. Lewis.*

The opinion of the court was delivered by

GUMMERE, J.   A commission having issued out of the Supreme Court of the State of New York for the examination in this state of certain witnesses, in an action pending in said court, wherein one Stewart is plaintiff, and the Press Publishing Company defendant, application was made to one of the justices of this court, under the statute, for a subpœna *ad testificandum et duces tecum* directed to the said Lefferts.   An order to that effect having been made by such justice, subpœna was issued out of this court directing the said Lefferts to appear before the said commissioner at a place and on a day therein named, and to bring with him and produce at the said time and place certain affidavits of one Walter Scott, and one Henry Day that he then had in his custody or power.   In pursuance of this process the said Lefferts appeared before the commissioner at the time and place named in the writ, but declined to produce before him the affidavits mentioned therein, on the ground that he regarded them as a privileged statement of facts under oath given to him by his client, upon which a petition for divorce was to be founded.   Application was then made to this court for an attachment for contempt on account of the alleged contumacy of the witness in declining to produce the affidavits, and rule to show cause was allowed.

We think this rule should be made absolute.   It may be true, as asserted by the witness, that the affidavits in question contained privileged communications from his client, although they were not made by the client, but whether the communications were privileged or not, was a matter to be determined by this court and not by the witness.   If he de-

sired to be excused from obeying the command of the writ for that reason, his course was to apply to this court to quash it, and the question could then have been considered and passed upon whether the contents of the affidavits were or were not privileged communications between counsel and client. So long as the writ remained in force his duty was to obey its command, and his failure to do so was a contumacious act.

The rule to show cause should be made absolute.