JOHN FINN, Plaintiff, v. THE WINNESHIEK DISTRICT COURT and L. E. FELLOWS, one of the judges of the Thirteenth Judicial District, Defendant.

*Certiorari*: WHEN AVAILABLE. *Certiorari* may be brought in all cases where an inferior judicial tribunal is alleged to have exceeded its jurisdiction, or to have otherwise acted illegally, and there is no other plain, speedy and adequate remedy; it is not intended to supplant the ordinary remedy by way of appeal, nor to correct simply erroneous rulings of an inferior tribunal.

Production of evidence: EXAMINATION OF WITNESSES: REFUSAL TO ANSWER: PUNISHMENT: JURISDICTION. The court, having made a proper order that the cause be tried upon depositions and other written evidence, has inherent power to compel a witness to appear before the commissioner to whom the cause has been referred for trial, and to give such evidence as either party may reasonably believe material to the issues; and it has power to punish as for contempt a witness who has appeared but refuses to answer proper questions.

Same: *Certiorari*. An order requiring a witness to appear and answer certain cross interrogatories for his deposition, even though the matters inquired about were not proper cross examination, and were incompetent and irrelevent to the issue, is at most only erroneous and not illegal, and not therefore subject to review by *certiorari*.

Same. A witness can not refuse to answer questions for his deposition simply because he considers them irrelevant and incompetent, and upon an adverse ruling by the court have the matter reviewed on *certiorari*.

Evidence: PRIVILEGE OF WITNESS. A taxpayer who voluntarily testifies to matters relating to the amounts, character and situs of his taxable property, can not claim on cross examination that the matters are privileged.

**Evidence:** SEARCH AND SEIZURE. The taking of evidence in a civil
6 action in an orderly and regular way does not amount to a
search or seizure within the meaning of the constitution, as
where a taxpayer is required to produce his books, papers and
accounts relating to his property, in a proceeding for the assess-
ment of omitted property.

ORIGINAL Certiorari Proceedings to the District Court
of Winneshiek County and HON. L. E. FELLOWS, Judge.

SATURDAY, DECEMBER 18, 1909.

*E. W. Cutting* and *John McCook,* for plaintiff.

*Frank Sayre* and *N. Willett,* for defendants.

DEEMER, J.—In November of the year 1908 the treas-
urer of Winneshiek County made an assessment and listed
certain moneys and credits belonging to plaintiff, Finn,
for the years 1904, 1905, 1906 and 1907. These assess-
ments were upon moneys, bonds, stocks, loans, and credits
alleged to have been omitted from assessment for the years
stated, the total amount of taxes assessed being $1,978.82.
Plaintiff, Finn, filed with the county treasurer his objec-
tions to these assessments, claiming among other things,
that the property was not liable to assessment by the
county treasurer for various reasons, among others being,
first, that the property was not omitted from taxation;
and, second, that the money and property were not taxable
in this state, for the reason that he was a nonresident of
this state, and during all the time in question was a resi-
dent of the state of Wisconsin. The treasurer overruled
these objections, and made the assessments hitherto stated,
and plaintiff Finn duly appealed to the district court.
When the case reached that court, Finn filed what he called
his appeal and cause of action, consisting of forty-five dif-
ferent paragraphs, in which he asked that the assessment

made by the treasurer be adjudged void, and that the same be canceled and set aside. While the case was pending upon this appeal, plaintiff, Finn, had his deposition taken, and in his direct examination gave testimony with reference to the notice served upon him by the county treasurer and as to his residence since December of the year 1905. He also testified to various trips made to Winneshiek County after he claims to have moved to Wisconsin, and gave the objects and purposes of these trips. He further testified that the securities listed by the county treasurer were executed and received by him after he had moved to Wisconsin. He also testified to the payment of all taxes regularly assessed against him for the years 1904 and 1905.

The county was represented by counsel at the taking of the deposition, and upon cross-examination many and diverse interrogatories were propounded to the witness relating to the amount of his moneys and credits, the record, if any, kept by him thereof, and where the securities were kept. Witness was also asked to produce his bank book, his private books of account, whether or not he kept an account with a bank in Decorah, and, if so, to produce his account with that bank. He was also asked as to whether or not he had a safety deposit box in a bank at Decorah, and also as to the amount of his deposits in various banks during the time in question. Further he was asked as to where his securities were kept, and as to whether or not he was assessed in Wisconsin upon his moneys and credits, and as to whether he paid any taxes in that state. He was also asked to furnish a list of his moneys and credits during each of the years in question. He was further asked as to various loans and trades made by him; as to the returns made by. him to the assessor for the years 1904 and 1905, and as to whether or not he had ever sworn to any of the returns made by him to the assessor. Questions were also asked

for answers tending to show that he made loans and took securities in the names of·other persons than himself, and that his removal to Wisconsin was to escape taxation. Further he was asked about property acquired by him from a deceased brother. Witness was also asked to produce certain notes and mortgages referred to by him in direct examination. Each and all of these questions the plaintiff refused to answer, and he also refused to produce any of the books of account, bank books, papers, securities, notes, etc., called for by counsel who was then cross-examining him.

The deposition was taken before a commissioner at Decorah, Iowa, pursuant to an order of court that the case be tried as in equity upon depositions, documentary and other written testimony. The deposition was returned·to the district court by the commissioner, and it showed that plaintiff, as a witness, refused to answer something like three hundred and seven cross-interrogatories propounded to him by counsel representing the county. Upon the filing of the deposition counsel for the county made a motion and application to the district court for an order compelling plaintiff to answer all the questions propounded, to produce his books of account, bank books, list of securities, etc., and that upon his failure to do so he be punished for contempt. Objections to this were filed by plaintiff, and upon hearing the trial court made the following order:

It is therefore ordered that upon notice as required for taking depositions on notice, given by the defendant to plaintiff, or his attorneys, the commissioner before whom the deposition was taken will propound to the plaintiff such questions, which plaintiff refused to answer, as the defendant's attorney shall request to have propounded, and it is the order that the plaintiff then and there appear and make full and complete answer to all such questions, and furnish a complete itemized list of his moneys and credits, owned by him on the 1st day of January of each of the

years for which he was assessed by the treasurer, from which assessment this appeal was taken; such complete list to be made a part of the deposition. It is probable that an answer to a few of those questions may obviate the necessity of answers being required to all of them, and it is also probable that answers given might make it desirable on the part of defendants, or their attorneys, to ask other questions than those to which objections have been made, and which plaintiff has refused to answer; and, in view of what may be the changed conditions, the defendants' attorneys will be permitted to make such cross-examination of the witness as they may deem proper under the circumstances, and the plaintiff shall have the right, at the conclusion of the cross-examination, to such re-examination as under the circumstances may be deemed proper. And all the interrogatories, with the objections and the answers thereto as given by the witness, shall be properly certified to by the commissioner, and attached to and made a part of the deposition now on file, and to enable the commissioner to do so, and the parties to use such deposition, it is ordered that the clerk of this court deliver to the commissioner the deposition on file to be used for the purposes herein contemplated, and upon the conclusion of the taking of the deposition, and the same being properly certified to by the commissioner, the same shall be refiled in the clerk's office. Full, fair, truthful, and complete answers by the witness to the interrogatories propounded should furnish all the desired information, without the production of the books and papers called for. The court will not therefore at this time make any order for the production of books and papers. Whether or not such an order will be made in the future will depend upon how satisfactory the testimony is after the further examination of the plaintiff— to all of which plaintiff excepts.

The application made by counsel for the county was held sufficient, in form and in substance, as a petition for the production of books and papers under section 4655 of the Code; but, as will be noticed the trial court did not then grant this petition. Instead of complying with this order, plaintiff sued out a writ of certiorari from this

court to test the legality of the proceeding, and it is now claimed that the order made by the district court was without authority, and was and is void for the reason (1) that the matters inquired about were not cross-examination, and were wholly irrelevant and immaterial to the issues presented; (2) that plaintiff could not and should not be required to produce evidence against himself; (3) that his books, papers, accounts, notes, etc., were sacred to him, and in the nature of trade secrets, and that he should not be required to produce them, especially as the matters inquired about have no relevancy to the issues then before the court, and the object undoubtedly was to conduct a "fishing expedition"; (4) that the order constitutes an invasion of private rights guaranteed by section 8, article 1, of the Constitution of Iowa, and was and is in violation of both the federal and state Constitutions prohibiting unreasonable searches and seizures; and (5) that the trial court was without jurisdiction to make the order complained of. Many other incidental matters are argued, which might properly be presented if the case were before us on the merits upon appeal from the final decree of the trial court, but which we can not consider on this original proceeding.

*Certiorari* is, or may be, an original proceeding in this court, and may be brought in all cases where an inferior tribunal, exercising judicial functions, is alleged to have exceeded its proper jurisdiction, or otherwise acted illegally, and there is no other plain, speedy, and adequate remedy.

1. *Certiorari:* when available.

Code, section 4154. It is not intended to supplant the ordinary remedy of appeal, and will not lie to correct rulings of an inferior tribunal which are simply erroneous. *State v. Roney,* 37 Iowa, 30. Where a party has a right of appeal he can not ordinarily proceed by *certiorari: Ransom v. Cummins,* 66 Iowa, 137; *State v. Schmidtz,* 65 Iowa, 556; *Wise v. Chaney,* 67 Iowa, 73.

As already observed, the trial court ordered the appeal taken by plaintiff to be tried as in equity upon depositions, documentary and other written evidence. Pursuant to this order plaintiff, upon due notice to the adverse party, appeared before a commissioner, and gave his testimony, which was taken down in writing by said commissioner. Counsel for the county undoubtedly had the right to cross-examine the plaintiff, and to have an answer to all such questions as he in good faith deemed relevant and material to the issues to be tried. Plaintiff, in effect, refused to submit to this cross-examination, and the deposition, showing that fact, was returned to and filed in the district court for use upon the trial. Counsel for the county thereupon moved for an order requiring plaintiff to answer the cross-interrogatories which he had refused to respond to, to produce books, papers, etc., and, in the event that he failed to do so, that he be punished for contempt. Plaintiff appeared and resisted the application, and the order complained of followed. From this recital it is manifest that the trial court had jurisdiction of plaintiff's person, and the first question which arises is, Had it jurisdiction of the subject-matter?

Our Code does not provide any course of procedure to be followed where a witness whose deposition is to be taken refuses to answer the questions propounded. That there is some remedy must be conceded; for, if courts have no such power, their efficiency may well be doubted. The trial court undoubtedly had the right to order the case tried upon depositions and other written testimony, and no complaint is made of the order entered in this case. Having so ordered, it had inherent power to compel witnesses to appear before a commissioner, and to give any testimony which either party reasonably believed was material to the issues to be tried. If a witness, after having appeared, refused to answer any proper

2. Production of evidence: examination of witnesses: refusal to answer: punishment: jurisdiction.

interrogatory, the court had the undoubted right, upon a proper showing to compel him to respond through proceedings for contempt. As sustaining this inherent power of the court, see: *Burns v. Superior Court,* 140 Cal. 1 (73 Pac. 597); *Keller v. Goodrich,* 117 Ind. 556 (19 N. E. 196, 10 Am. St. Rep. 88); *Wehrs v. State,* 132 Ind. 157 (31 N. E. 779); *In re Foster,* 44 Vt. 570. No citation of authority should be needed for so plain a proposition. Clearly, then, the trial court had jurisdiction of the person and the subject-matter in making the order that it did.

It is contended, however, that the matters inquired about were not cross-examination, and were incompetent, immaterial, and irrelevant to any issue to be tried. These

3. SAME:
   *Certiorari.*

were each and all matters which might have been corrected on appeal, and the order requiring plaintiff to answer each and all of the cross-interrogatories, etc., was at most erroneous and not illegal. The distinction between an erroneous and an illegal order is well pointed out in *Tiedt v. Carstensen,* 61 Iowa, 334, where it is said:

We are, therefore, only to inquire, when is a tribunal 'acting illegally' in the contemplation of the statute? When the law prescribes proceeding to be had by an officer or tribunal in cases pending before them, the omission of such proceedings is in violation of law, and the court or officer omitting them would therefore act illegally. In a word, if a tribunal, when determining matters before it which are within its jurisdiction, proceeds in a manner contrary to law, it acts illegally. But if a discretion is conferred upon the inferior tribunal, its exercise can not be illegal. If it be clothed with authority to decide upon facts submitted to it, the decision is not illegal, whatever it may be, if the subject-matter and the parties are within its jurisdiction; for the law intrusts the decision to the discretion of the tribunal.

Even though many of the questions propounded were subject to objection properly interposed, which objection

would undoubtedly have been considered and made effec-
tive upon the trial of the case, this was no

**4. SAME.**

reason in itself why the witness should not
have · answered them when before the commissioner.    It
would be intolerable to hold that a witness whose testi-
mony is being taken by deposition may refuse to answer,
have the propriety of the question determined by the court,
and upon an adverse ruling bring the case to this court on
certiorari, and delay, and prolong the trial of the case
upon its merits indefinitely.    It has been frequently held
that a witness can not refuse to answer questions simply
because he deems them incompetent or irrelevant.    *Ex parte
Livingston,* 12 Mo. App. 80; *De Camp v. Archibald,* 50
Ohio St. 618 (35 N. E. 1056, 40 Am. St. Rep. 692);
*Thomson-Houston Co. v. Jeffrey Co.* (C. C.) 83 Fed.
614; *Winder v. Diffenderffer,* 2 Bland. (Md.) 166; *Stew-
art v. Turner,* 3 Edw. Ch. (N. Y.) 458.    Of course, if the
question calls for privileged matter, the witness may de-
cline to answer, subject to proceedings for contempt.    *Press
Pub. Co. v. Lefferts,* 67 N. J. Law, 172 (50 Atl. 342);
*In re Bradley,* 71 N. H. 54 (51 Atl. 264).    Even if the
trial court were authorized to pass upon the competency,
materiality, or relevancy of the testimony upon the appli-
cation made, its decision, even though erroneous, would not,
for that reason alone, be illegal and subject to review upon
*certiorari.*

The trial court held the application sufficient as a
petition under section 4655 of the Code; but, as it refused
to order the production of plaintiff's books and papers,
plaintiff has no just ground for complaint.    We are con-
strained to agree with the conclusion that the application
was sufficient under the statute, and that, if the order does,
in effect, order the production of these books and papers,
it was with jurisdiction, and is not illegal. .

II.    But it is argued with much confidence that the
order should not have been made for the reason that the

questions which plaintiff was required- to answer called for privileged matter, to wit, his own private and secret affairs, and that, if observed, it would amount to an unreasonable search and seizure.

We have found no question which called for privileged matter. The issues tendered in the main case related to plaintiff's residence, the amount and character of his property, where and how he kept it,
**5. EVIDENCE: privilege of witness.** etc. These were voluntarily tendered by the plaintiff, and pursuant to order he undertook to have his own testimony relating to these matters taken in the form of a deposition. After having himself examined, he practically refused to be cross-examined with reference to various matters, and in effect refused to answer anything save the direct questions as to where he resided. Surely under these circumstances he can not claim that the matters inquired about were privileged.

The proceedings did not amount to an unreasonable "search and seizure" as those terms are used in the fundamental law. Protection is afforded by the Constitution against unreasonable searches and seizures
**6. EVIDENCE: search and seizure.** of persons' houses, papers, and effects, but these provisions of the Constitution have no reference to regularly prescribed and orderly proceedings for obtaining testimony. As a rule, they have reference to criminal or *quasi* criminal proceedings or to forfeitures of property. See *Board v. U. S.,* 116 U. S. 616 (6 Sup. Ct. 524, 29 L. Ed. 746). Also the history of such provisions as given in Cooley's Constitutional Limitations (6th Ed.) 364-365, *et seq.* The taking of testimony for a civil case, in an orderly and regular way, does not amount to a search or a seizure within the meaning of these limitations. *Robinson v. Richardson,* 13 Gray (Mass.) 454; *State v. Slamon,* 73 Vt. 212, (50 Atl. 1097, 87 Am. St. Rep. 711); *In re Chapman,* 166 U. S. 661 (17 Sup. Ct. 677, 41 L.

Ed. 1154). We are well satisfied that no constitutional right of the plaintiff has been violated by the orders made.

The case has not yet reached the stage where plaintiff may have the case reviewed because of error made by the trial court. This could be done on appeal, or the error will doubtless be disregarded in the trial of the action; or perhaps plaintiff might refuse to obey, subject himself to a possible proceeding for contempt, and then have the matter reviewed by *habeas corpus* proceedings. We are not to be understood as holding that this latter remedy would be available. The proposition is stated for the purpose of showing that so far there has been no illegal action upon the part of the trial court.

Nothing appearing which would justify us in annulling the order made by the trial court, the writ heretofore issued must be quashed, and the petition dismissed. The order is *affirmed.*