W. W. WITMER, Petitioner, v. DISTRICT COURT OF POLK COUNTY.

**Contempt:** REFUSAL OF WITNESS TO ANSWER: PUNISHMENT: CERTIORARI.
1 *Certiorari* will not lie to review the legality of an order punishing a witness for contempt in refusing to answer questions propounded to him in a purely civil matter, where the court had jurisdiction of the action and contempt proceedings; as there is an adequate remedy for the error, if any, by appeal.

**Same:** CIVIL CONTEMPT. A civil contempt is not an offense against the
2 dignity of the court, but against the party in whose behalf the order is made which the person found guilty of contempt has violated, and its object is only to compel the performance of the act which the party applying for the order is entitled to.

**Same:** CROSS-EXAMINATION: REVIEW OF RULING. A ruling of the court
3 requiring questions to be answered on cross-examination, in a proceeding for the assessment of property, is not such an abuse of discretion as to render punishment for contempt in refusing to answer wholly illegal, so as to make a review of the ruling by *certiorari* rather than appeal applicable; as the matter of cross-examination is largely within the discretion of the court.

**Same:** SCOPE OF EXAMINATION. A witness may be required on cross-
4 examination to fully explain a transaction about which he has testified, that the adverse party may be enabled to investigate the truthfulness of his testimony.

*Certiorari from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

TUESDAY, MAY 7, 1912.

THIS is an original proceeding in this court by certiorari to secure the review of the action of the district court of Polk county in making an order punishing the petitioner for contempt in refusing as a witness to answer certain questions propounded to him on the trial of an appeal to that court from the action of the county treasurer, in which this petitioner was assessed for delinquent taxes for the years 1904 to 1908, inclusive.—*Dismissed.*

*I.. M. Earle* and *E. D. Samson,* for petitioner.

*Clark & Hutchinson,* for respondent.

McCLAIN, C. J.—Counsel for the petitioner in their argument set out at considerable length the proceedings of the lower court as shown by the record and discuss many propositions of law, some of which in the view we now take of the case need not be noticed. · For present purposes, the following brief statement is a sufficient basis for the conclusions which we find it necessary to announce in disposing of the petitioner's contentions:

In a proper proceeding before the county treasurer of Polk county this petitioner was required to pay taxes on property omitted from assessment during the years 1904 to 1908, inclusive, to the extent of $25,575.94; the property thus found to have been omitted from assessment consisting of shares of corporate stock in a company not organized under the laws of Iowa. From this finding of the county treasurer the petitioner appealed in due form to the district court of Polk county, and, on the hearing of the matter of said appeal, petitioner was sworn as a witness in his own behalf, testifying, in substance, that although the shares of stock in question in the American Type Founders' Company chartered under the laws of New Jersey

as well as other shares of stock in the same corporation on which he had paid taxes as owner stood in his name on the books of the company for the years for which they had not been assessed to him or any other owner, having been originally purchased by him about the years 1897, 1898, and 1899, as a matter of fact the shares thus omitted from assessment were not purchased by him with his own money, but with the money of others who were and continued to be non-residents of the state of Iowa, and that the certificates for such shares of stock were immediately delivered by him to such persons with powers of attorney for the transfer of the certificates on the books of the company; and, further, that during the years in question he voted such shares of stock either personally or by proxy at stockholders' meetings and received dividends thereon, which he paid over to the persons entitled thereto. On cross-examination the witness was asked to state the names of the persons for whom the purchases were made and to whom the dividends were sent, and he objected to giving such information for various reasons, among others that the questions calling for it were not proper on cross-examination; that the facts called for were immaterial, irrelevant, and incompetent; and that the relation of the witness to the owners of the stock was one of confidence and the transaction of its purchase in the nature of a trade secret, the disclosure of which might be injurious to the owners of this stock, who, as stockholders in rival concerns, desired to conceal the fact of their ownership of this stock. The witness offered to produce all letters and checks in his possession relating to the transmission of dividends to the owners of the stock except that he would not disclose the names of such persons, and he offered to furnish to the court privately the names called for, for the purpose of enabling the court to determine whether they were material, with the understanding that the names thus furnished should not be disclosed by the court to any one else. The court thereupon adjudged the witness (this

petitioner) to be in contempt in refusing to answer the questions propounded to him, and sentenced him to imprisonment in the county jail until answers to such questions were made, suspending the punishment, however, until it could be determined on writ of certiorari to this court whether such order of commitment was legal.

It is conceded that the district court of Polk county had jurisdiction to try the appeal from the assessment of taxes by the county treasurer against this petitioner, and that on such trial the petitioner, having testified as a witness, was properly subject to cross-examination, and that the various questions propounded to him on cross-examination which he refused to answer were questions as to the competency of which the court was called upon to make rulings, which rulings were adverse to the objections interposed on behalf of the witness.

The important question, as we think, arising in the present proceeding for writ of certiorari, is whether the correctness of the rulings of the lower court can properly be tested in this manner. The writ of certiorari is one which may be granted by this court when directed to the district court in cases "authorized by law and in all cases where" the district court "is alleged to have exceeded" its proper jurisdiction "or is otherwise acting illegally, and there is no other plain, speedy and adequate remedy," and the petition therefor must state facts constituting a case wherein the writ may issue. Code, sections 4154-4157. It is further provided that "no appeal lies from an order to punish for a contempt, but the proceedings may in proper cases be taken to a higher court for revision by certiorari." Code section 4468. The contention for the petitioner is that, when the district court makes an order punishing a witness for contempt in refusing to answer questions propounded to him, a writ of certiorari to review the legality of such order is "authorized by law," and that in such

1. CONTEMPT: refusal of witness to answer: punishment: certiorari.

proceeding this court may be required to determine whether the district court was in error in overruling the objections to the questions propounded to the witness, and requiring that answers thereto be made under the penalty of a punishment for contempt in refusing to answer.

It seems to us that this contention has already been substantially answered in prior decisions of this court holding that it is unfounded. In the case of *Finn v. Winneshiek County*, 145 Iowa, 157, it was said that a writ of certiorari is not intended to supplant the ordinary remedy of appeal, and will not lie to correct rulings of an inferior tribunal which are simply erroneous, and that, where a party has a right of review by appeal, he can not ordinarily proceed by certiorari, and further, that rulings of a trial court in determining that questions asked of a witness are proper on cross-examination, and do not call for incompetent, immaterial, and irrelevant testimony, can be corrected on appeal, and are not therefore subject to review in an independent proceeding by certiorari, quoting from the opinion in the case of *Tiedt v. Carstensen*, 61 Iowa, 334, in which it was held that, if the trial court is clothed with authority to decide such questions, its decision with reference thereto is not illegal in the sense that it may be reviewed by certiorari. It is true that in the *Finn* case the question arose upon a motion and application to the court for an order compelling the witness to answer, the ruling of the court being that the witness should answer under penalty of contempt, and it was this order which it was sought to have reviewed by certiorari in this court, and that this court found that the case had not yet reached the stage where the petitioner might have it reviewed because of error, with the suggestion that such review could be had on appeal, or that, if the witness refused to obey the order of the court and was adjudged in contempt and was being punished for such contempt, then possibly he might have the legality of his punishment determined in habeas

corpus proceedings.  But we think the plain position of
the court as indicated in that case was that error in re-
quiring the witness to answer the questions propounded, and
in finding him to be guilty of contempt on refusal could
not be taken advantage of by an independent proceeding
of certiorari.   And this seems to have been the view of the
majority of the court in the case of *Iowa Loan & Trust
Co. v. District Court of Polk County,* 149 Iowa, 66, in
which it was held that the question whether the district
court acted illegally in ordering the plaintiff to produce
certain books and papers could not be reviewed on cer-
tiorari, there being no question as to the jurisdiction of the
court over the proceeding in which the order for the produc-
tion of the books and papers was made.   Indeed, the gen-
eral proposition that an erroneous ruling of a court in a
proceeding of which it has jurisdiction can not be reviewed
on certiorari has so often been announced that further
citation of authorities would not be justified.

But counsel for petitioner seek to evade this general
proposition and the authorities above cited in support of it
by the contention that, while it may be applicable to the
erroneous ruling of the court requiring the witness to an-
swer, it is not applicable to the order of the court commit-
ting the witness for contempt; their theory being apparently
that Code, section 4468, prohibiting appeal from an order
to punish for contempt, but providing that "the proceed-
ings may in proper cases be taken to a higher court for
revision by certiorari," expressly authorizes a review by
certiorari in such cases in lieu of an appeal, and that, as
irreparable injury may result from compelling this dis-
closure by a witness of facts which he ought not to be re-
quired to disclose, there is no other speedy and adequate
remedy than by certiorari.   They cite many cases holding
that the legality of a commitment for refusal to answer
questions may be reviewed in a proceeding by habeas corpus,
although the committing court had unquestionable jurisdic-

tion of the proceeding in which the questions were propounded to the witness and was called upon to determine whether they were proper. Some of the recent cases thus relied upon are as follows: *Ex parte Canada,* 151 Mo. App. 704 (132 S. W. 754); *In re Button,* 83 Neb. 636 (120 N. W. 203, 23 L. R. A. (N. S.) 1173); *In re Shull,* 221 Mo. 623 (121 S. W. 10, 133 Am. St. Rep. 496); *Ex parte Shortridge,* 5 Cal. App. 371 (90 Pac. 478). But we see no analogy between an examination on habeas corpus to determine whether there has been a lawful commitment for contempt and a review by certiorari to determine whether an order committing for contempt has been entered without jurisdiction. The decision by habeas corpus is not in any sense a proceeding for review unless, indeed, as in the case of *Ware v. Sanders,* 146 Iowa, 233, this court is called upon to resort to a proceeding by habeas corpus in the exercise of its appellate jurisdiction. On the other hand, as already indicated, the review contemplated in certiorari involves only an inquiry as to the power of the court, and not the legality or correctness of its action.

It would indeed be anomalous and extremely embarrassing in the speedy administration of justice if a witness might refuse to answer questions propounded to him in a proceeding of which the court had undoubted jurisdiction, and on the entry of an order punishing him for contempt in so doing, that being the only available remedy to secure answers, might have the entire proceeding suspended while he tests by certiorari the correctness of the court's ruling that the questions are proper, and do not call for information which the witness is under no obligation to disclose. It may be that an erroneous ruling of that character might result in hardship, and a measure of injustice; but the relief to be afforded for errors of a trial court can only be such as the law provides, and counsel have failed to cite any authorities indicating that such relief is afforded by a proceeding in certiorari. In many cases, as already suggested,

such relief has been found in a proceeding by habeas corpus in which the contumacious witness is discharged from commitment for contempt when it appears that the commitment was erroneously ordered; and, of course, on appeal from a final judgment, the rulings of the court as to the competency of the testimony called for may be inquired into, although it must be admitted that this is no adequate remedy for any injury suffered by the witness in being compelled to disclose information which he ought not to be required to give.

We are referred to many cases in which this court has on certiorari reviewed the action of a trial court in finding a party guilty of contempt for violating an injunction in liquor nuisance cases. It may be conceded that this use of the proceeding by certiorari is somewhat anomalous. But, at any rate, it is in no way analogous to an attempted review by certiorari of a commitment of a witness for contempt in refusing to answer questions.

*2. SAME: civil contempt.*

The proceeding to punish for contempt in violating a liquor injunction has for its object the infliction of a criminal punishment (*Russell v. Anderson*, 141 Iowa, 533) while a commitment for contempt in refusing to answer questions propounded to a witness has for its object only the securing of testimony in the trial of a case. The distinction is that which is recognized in classifying contempts as criminal and civil. A civil contempt is not an offense against the dignity of the court, but against the party in whose behalf the order is made which the person found guilty of contempt has violated, and its object is only to compel the performance of the act which the party applying for the order has been found entitled to have performed. *Holbrook v. Ford,* 153 Ill. 683 (39 N. E. 1091, 27 L. R. A. 324, 46 Am. St. Rep. 917); *Lester v. People,* 150 Ill. 408 (23 N. E. 387, 37 N. E. 1004, 41 Am. St. Rep. 375); *Welch v. Barber,* 52 Conn. 147 (52 Am. Rep. 567); *Ex*

*parte Robertson,* 27 Tex. App. 628 (11 S. W. 669, 11 Am.
St. Rep. 207). Therefore it is clear that the cases in
which this court has reviewed the action of a lower court
in imposing a punishment for the unlawful sale of liquors
after an injunction has been granted against such sale have
no bearing on the case before us. The distinction between
criminal and civil contempts is well illustrated in cases
holding that the punishment of a contumacious party or
witness in a civil case for refusal to comply with the order
of the court is interlocutory and reviewable only upon ap-
peal from a final judgment or decree in the case. *Doyle v.
London Guarantee, etc., Co.,* 204 U. S. 599 (27 Sup. Ct.
313, 51 L. Ed. 641); *In re Christensen Engineering Co.,*
194 U. S. 458 (24 Sup. Ct. 729, 48 L. Ed. 1072); *Jas-
tram v. McAuslan,* 29 R. I. 390 (71 Atl. 454, 17 Ann. Cas.
320, and note). Our statute prohibiting appeals from or-
ders punishing for contempt would seem to preclude an
intermediate review of such an order, and leave to the party
adjudged to be in contempt on refusal to comply with the
order the remedy of certiorari only when the trial court has
exceeded its jurisdiction in making such order and not
when the order is merely erroneous. Error in this respect
can unquestionably be reviewed on final appeal, but the
statute seems to preclude an intermediate review by appeal
or in the nature of an appeal by certiorari.

Even if it should be conceded that an intermediate
order of punishment for civil contempt could be shown to
be so clearly beyond the exercise of a reasonable discretion
on the part of a trial court as to warrant
the interference by certiorari, no such case
is here made out. Plainly the ruling of the
court that the questions propounded to the witness were
proper on cross-examination was not such an abuse of dis-
cretion as to render the commitment for contempt in re-
fusing to obey the order wholly illegal, for the matter of
cross-examination is very largely in the court's discretion.

3. SAME: cross-
examination:
review of
ruling.

It is equally plain that no question of trade secrets was involved. It may be that names of persons are sometimes classed as trade secrets; but it does not appear that the names of the persons to whom the witness transferred these shares of stock were his trade secrets. He does not pretend that any injury would result to him from the disclosure of such names. The secret sought to be protected was the secret of the persons to whom the stock was transferred and those persons are not here complaining. The contention of the petitioner that the information sought to be elicited from him was wholly incompetent, immaterial, and irrelevant, as evidence in the case is predicated on the theory that it could only be used by the adverse party for purposes of impeachment, and that any intention to impeach the petitioner as a witness was disclaimed. But the information sought would have enabled the adverse party to secure other witnesses who could testify with reference to the facts testified to by the petitioner, and evidence of that character would not be admissible simply for the purpose of impeaching his testimony, but as independent testimony as to the same state of facts.

A witness may properly be required to fully explain and give information in regard to a transaction about which he has testified in order to enable the adverse party to investigate the truthfulness of the facts thus 4. SAME: scope of examination. testified to. *Wallace v. Wallace,* 62 Iowa 651; *Ward v. Thompson,* 146 Wis. 376 (131 N. W. 1006).

We think, therefore, that the record does not disclose any such abuse of discretion on the part of the trial court as to justify us in holding that its rulings were so unwarranted as to be illegal or without jurisdiction within the meaning of the statutory provisions as to certiorari, and the writ is therefore *dismissed.*