JOSEPHINE T. ELLER, Appellee, v. CHESTER J. ELLER, Appellee, et al., Appellants.

APPEAL AND ERROR:   Right of Appeal—Statutory.   The right of 1    appeal is purely statutory, and no constitutional right thereto exists.

APPEAL AND ERROR:   Right of Appeal—Witness to Perpetuate 2    Testimony.    Under Sections 4100, 4101, Code, 1897, a person summoned as a witness in a proceeding to perpetuate testimony under Section 4718, Code, 1897, cannot appeal from an order of the court refusing to set aside an order for his examination.

*Appeal from Polk District Court.*—LAWRENCE DEGRAFF, Judge.

APRIL 11, 1919.

THE opinion states the case.—*Dismissed.*

*H. L. Bump,* for appellants.

*Chester J. Eller, Parsons & Mills,* and *Miller & Wallingford,* for appellees.

STEVENS, J.—The defendant Chester J. Eller, and plaintiff, Josephine T. Eller, were formerly husband and wife. Plaintiff brought an action for divorce, which was granted in 1915. The decree awarded the custody of Ariel Ann Eller, a minor child of the marriage, to the plaintiff. Later, defendant applied for and obtained a modification of the decree, granting him the privilege of visiting and being visited by the child at least once each week, and further ordering that neither party should remove the child from the jurisdiction of the court. On April 26, 1918, appellee herein applied to the court for and obtained an order for the perpetuation by deposition of the testimony of M. M. Schouboe and C. W. Schouboe, the same to be taken on May 9, 1918, after five days' notice. The former wife, plaintiff in the divorce case, whom defendant charges, in his application for a modification of the decree and to perpetuate testimony, with secretly, and in violation of the order of the court, taking the minor child of plaintiff and defendant beyond the jurisdiction of the court, and thereby depriving defendant of the privilege of visiting said child, as allowed by the decree, was not served with notice of this application; but the court appointed an attorney to examine the same and file cross-interrogatories, if found advisable. Before the day arrived for taking said depositions, the said C. W. and M. M. Schouboe appeared in court and filed a

motion, in which they style themselves as interveners, but which is, in fact, a motion to quash and set aside the order of the court for their examination. The grounds alleged therefor are, in substance, that both of said parties are residents of Polk County, in good health, and available for examination as witnesses when necessary; that M. M. Schouboe is the mother and C. W. Schouboe the brother of the plaintiff, Josephine T. Eller; and that the only purpose of the proposed examination is to harass and annoy them, and to obtain information upon which a proceeding to punish them for contempt of court may be based. A further ground upon which appellants asked that the order for their examination be set aside was that no sufficient ground is alleged therein for their examination.

The court overruled the motion, and the said witnesses, otherwise designated in their motion as interveners, to cancel the order for their examination appeal.

. Their right to appeal is challenged by defendant. The application upon which the order for the examination of appellants was issued, fully complies with the provisions of

1. APPEAL AND ERROR: right of appeal: statutory.

Code Section 4718, authorizing proceedings to perpetuate testimony. The interrogatories to be propounded to appellants are attached to the application, as required thereby. Appellants are not parties to the litigation, have no other than a sympathetic interest therein, and are not otherwise involved in the application of defendant for a modification of the decree. No judgment can possibly be entered against them, nor is the proceeding in any way adverse to them. The court has inherent power to compel witnesses to answer proper questions propounded to them in a proceeding to take depositions and of this character. *Finn v. Winneshiek Dist. Ct.*, 145 Iowa 157. The right of appeal is purely statutory, and no constitutional right thereto exists. *Horrabin v. City of Iowa City*, 160 Iowa 650; *Thomas*

*v. Elliott,* 215 Mo. 598 (114 S. W. 987) ; *State v. State B. &
T. Co.,* 36 Nev. 526 (137 Pac. 400) ; *Mitchell v. Bay Probate
Judge,* 155 Mich. 550 (119 N. W. 916).

Section 4100 of the Code confers appellate jurisdiction
upon the Supreme Court over all judgments and decisions
of all courts of record, except as otherwise provided by law;
and Code Section 4101 specifies in detail

2. APPEAL AND
ERROR: right
of appeal: wit-
ness to perpet-
uate testimony.

from what orders an appeal to the Supreme
Court will lie.    Under neither section is a
person summoned as a witness in a proceed-
ing under the statute for the perpetuation
of testimony authorized to appeal from an order of the court
refusing to set aside an order for his examination.    While
this question has not previously been passed upon by this
court, what is said in *Finn v. Winneshiek Dist. Court,* supra,
although a certiorari proceeding, is pertinent.    We quote
from the opinion in that case, as follows :

"Even though many of the questions propounded were
subject to objection properly interposed, which objection
would undoubtedly have been considered and made effective
upon the trial of the case, this was no reason in itself why
the witness should not have answered them when before the
commissioner.    It would be intolerable to hold that a wit-
ness whose testimony is being taken by deposition may re-
fuse to answer, have the propriety of the question deter-
mined by the court, and upon an adverse ruling bring the
case to this court on certiorari, and delay and prolong the
trial of the case upon its merits indefinitely.    It has been
frequently held that a witness cannot refuse to answer ques-
tions simply because he deems them incompetent or irrele-
vant.  *Ex parte Livingston,* 12 Mo. App. 80; *DeCamp v.
Archibald,* 50 Ohio St. 618 (35 N. E. 1056) ; *Thomson-Hous-
ton Co. v. Jeffrey Co.* (C. C.), 83 Fed. 614; *Winder v. Diffen-
derffer,* 2 Bland. (Md.) 166; *Stewart v. Turner,* 3 Edw. Ch.

(N. Y.) 458. Of course, if the question calls for privileged matter, the witness may decline to answer, subject to proceedings for contempt. *Press Pub. Co. v. Lefferts,* 67 N. J. L. 172 (50 Atl. 342) ; *In re Bradley,* 71 N. H. 54 (51 Atl. 264). Even if the trial court were authorized to pass upon the competency, materiality, or relevancy of the testimony upon the application made, its decision, even though erroneous, would not, for that reason alone, be illegal and subject to review upon certiorari."

It may be safely assumed that the court below will not compel appellants to answer questions the answers to which may tend to incriminate them, or which may be otherwise improper or not permitted by the usual procedure. They may refuse to answer, if they believe they have legal excuse therefor, and upon proper application, if held in contempt of court, their legal rights will be fully protected. The appeal herein is not authorized by statute, and the ruling of the court below, refusing to sustain the motion to set aside the order for the examination of appellants, is, therefore,—*Affirmed.*

Appeal dismissed.

LADD, C. J., EVANS, GAYNOR, and PRESTON, JJ., concur.

WEAVER, J., dissents.